NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2159
_____

XUE GUI GAO,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-778-531)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2011

Before:  FUENTES, VANASKIE and ROTH, Circuit Judges

(Opinion filed: March 5, 2012 )
_____

OPINION
_____

PER CURIAM

        Xue Gui Gao petitions for review of an order of the Board of Immigration Appeals

(BIA) affirming the decision of an Immigration Judge (IJ) denying asylum, withholding

of removal, and relief under the Convention Against Torture (CAT).  For the reasons

detailed below, we will deny the petition for review.

Gao, a citizen of China, entered the United States without being admitted or paroled, and the Department of Homeland Security charged him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). Gao conceded removability but filed an application for asylum, withholding of removal, and CAT relief. He claimed that he had been persecuted in China and feared future persecution due to his "other resistance" to China's coercive population-control policies. See 8 U.S.C. § 1101(a)(42).

At a hearing before an IJ, Gao testified in support of his claims. He explained that his wife had given birth to a son in 2003, and that she had then been forced to have an intrauterine device implanted. He testified that in 2005, his wife became pregnant again, and was forced to undergo an abortion. In 2007, his wife became pregnant for a third time, and to avoid discovery by the family-planning officials, she went to live with her sister. While she was away, officials came to Gao's house looking for her; when they found only Gao, the officials beat him and then detained him. After 24 hours, Gao was released, and two days later he left China and traveled to the United States. He testified that he has spoken to his wife once by telephone, and that she told him that the Chinese government wished to arrest both of them.

The IJ concluded that Gao was removable, finding that he failed to meet his respective burdens of proof for asylum, withholding of removal, and CAT relief. Gao then appealed to the BIA, which dismissed the appeal. The BIA first affirmed the IJ's

conclusion that Gao had failed to demonstrate that he had suffered past persecution "because the harm he suffered did not rise to the level of persecution." The BIA further agreed with the IJ that Gao had failed to establish a well-founded fear of future persecution. Accordingly, the BIA concluded that the IJ had correctly denied Gao's applications for asylum and withholding of removal.[1] Gao then filed a timely petition for review in this Court.

We have jurisdiction over the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a). When, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008). We must uphold the agency's factual findings, including its findings as to whether Gao has demonstrated past persecution or a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We conclude that the BIA's conclusions are supported by substantial evidence. The BIA determined that although Gao had been beaten and detained for 24 hours, this treatment did not rise to the level of persecution. Gao presented no evidence to show that the beating was particularly severe; rather, he testified that he did not need stitches and

---

[1] The BIA concluded that Gao had abandoned his request for CAT relief and thus did not consider it on its merits. Gao has not challenged that ruling in his petition for review.

3

was able to travel to the United States without first obtaining medical attention. Therefore, it was reasonable for the BIA to conclude that the beating — even coupled with the detention — did not amount to persecution. See Jarbough v. Att'y Gen., 483 F.3d 184, 191-92 (3d Cir. 2007); Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007) (holding that a five-day detention and beating that required stitches and left a scar were not "severe enough to constitute persecution under our stringent standard").

Substantial evidence likewise supports the BIA's conclusion that Gao failed to show that he possessed an objectively reasonable fear of future persecution. Gao has not attempted to show that "there is a pattern or practice in [China] of persecution of a group of persons similarly situated"; therefore, he must show that he "would be individually singled out for persecution." See Lie v. Att'y Gen., 396 F.3d 530, 537 (3d Cir. 2005) (internal alterations omitted). Gao claims that he will be persecuted if he returns to China because, according to his wife, the Chinese government wants to arrest the two of them. This contention, however, is undermined both by the fact that officials voluntarily released Gao from prison and by the fact that Gao's wife, who has remained in China, has not in fact been arrested. See Wong, 539 F.3d at 236. Thus, the record evidence does not compel a conclusion that Gao's fear of future persecution is objectively reasonable.

Because substantial evidence supports the BIA's conclusion that Gao failed to establish that he suffered past persecution or has a well-founded fear of future persecution, he is not entitled to asylum. See 8 U.S.C. § 1101(a)(42). He is thus necessarily unable to satisfy the higher standard for eligibility for withholding of

4

removal.  <u>See</u> <u>Ghebrehiwot v. Att'y Gen.</u>, 467 F.3d 344, 351 (3d Cir. 2006).

Accordingly, we will deny the petition for review.